NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—March, 1883.

DISOSWAY V. HAYWARD.

*In the matter of the estate of* EMMA BARTLETT, *deceased.*

Under Code Civ. Pro., §§ 2553, 2554, an execution upon a Surrogate's de-
cree directing the payment of a sum of money, issued to the sheriff of
the Surrogate's county, the decree not having been docketed in the
office of the county clerk, is irregular, and must be set aside on motion
(*id.*, §§ 1365, 1369).

MOTION by Richard H. Disosway, a creditor of decedent,
to set aside execution against his property, issued upon
a Surrogate's decree, rendered October 17th, 1879, direct-
ing payment by him, of the sum of $715.60, to J. K. Hay-
ward, executor of decedent's will. The facts appear
sufficiently in the opinion.

H. B. PHILBROOK, *for the motion.*

J. FLETCHER, *opposed.*

THE SURROGATE.—A motion is made, upon several
grounds, to set aside the execution issued herein, and di-
rected to the sheriff of this county. The decree, for
whose enforcement the execution was issued, has not, it
seems, been docketed with the clerk of the county, and
it is insisted that the execution is, for that reason, inef-
fectual. Section 2553 of the Code of Civil Procedure
provides that the Surrogate or the clerk of the Sur-
rogate's court shall furnish, to any one applying there-
for, a transcript of any decree which directs the pay-

ment of a sum of money, and the county clerk to whom such transcript is presented shall file the same, and shall, in the appropriate docket book, kept in his office, docket such decrees, as in cases of Supreme Court judgments. The section further declares that the docketing of such a decree shall have the same force and effect as if it were such a judgment.

Section 2554 authorizes the enforcement, by execution, of a decree directing the payment of a sum of money. It directs that the execution shall be issued by the Surrogate, or the clerk of the Surrogate's court, under the seal of the court, and shall be made returnable to the court. It, also, declares that, in all other respects (with a certain specified exception here inapplicable), the Code provisions, relating to an execution against the property of a judgment debtor, issued upon a judgment of the Supreme Court, and the proceedings to collect it, shall apply to an execution issued from the Surrogate's court, and the collection thereof, the decree being for such purposes regarded as a judgment.

Among the provisions so made applicable to an execution of this court, are sections 1365 and 1369 of the Code. The former section declares that an execution against property can be issued "only to a county, in the clerk's office of which the judgment is docketed." The latter section provides that such an execution must, if the judgment-roll is not filed in the clerk's office of the county to which it is issued, *specify the time when the judgment was docketed in that county,* and that it must, also (save as otherwise provided), substantially require the sheriff to satisfy the judgment out of the personal property of the judgment debtor; and, if sufficient personal property

cannot be found, out of the real property belonging to him *at the time when the judgment was docketed in the clerk's office of the county, etc.*

These sections of the Code show that, to authorize an execution to issue upon a decree of this court directing the payment of money, a transcript thereof should be filed with the clerk of the county to which the execution is issued, and that the decree should be there docketed. This does not appear to have been done in the present instance. The execution must, therefore, be set aside.

Ordered accordingly.